Smith, admr. of Campanell, v. Bogliolo.

were not unreasonable in this case, when a fee of $200 was proved to have been the contract between the parties; and moreover seemed not to have been an unreasonable compensation for the services rendered.

---

### SMITH, ADMR. OF CAMPANELL, v. BOGLIOLO.

Action of assumpsit. Plea, statute of limitations. Replication, that before cause of action accrued, defendant removed from the State where the debt was contracted, the domicile of said defendant being *then and theretofore beyond seas.* Held, that the issue on such a plea is immaterial, such a case not being within the proviso to our statute of limitations. A repleader ordered.

APPEAL from the circuit court of Ste. Genevieve county.

*P. Cole,* counsel for plaintiff in error.

*A. Cook,* counsel for defendant in error.

TOMPKINS, Judge, delivered the opinion of the court.

Smith brought his action in assumpsit against Bogliolo, and judgment was given in the circuit court against Smith; to reverse which, this writ of error is sued out.

Bogliolo pleaded: 1. That the cause of action did not accrue within ten years next before the commencement of this action. 2. That the cause of action did not accrue at any time within five years next before the 21st day of February, in the year 1825.

Bogliolo also pleaded two other pleas, to wit: That he had been appointed administator to the maker of the promissory note sued on, and that the demand of Smith's intestate had not been exhibited to him within three years. Also, that it had not been exhibited to him within five years.

To these two last pleas, the plaintiff replied, denying notice of the administration of the defendant, and the issues made on the replications were found for the plaintiff.

To these first pleas, the plaintiff replies, that the debt in the declaration mentioned was contracted by Eteenne Bogliolo, the defendant's intestate, with Berthune Campanell, the plaintiff's intestate, in the city of Orleans, in the State of Louisiana, at the time in the declaration mentioned, viz: on the 27th April, 1816, and that before the cause of the action accrued to the said Campanell, the said Eteenne Bogliolo removed from the State of Louisiana, leaving neither goods nor chattels, lands nor tenements therein, and did thenceforth continue to abide beyond the limits of the said State of Louisiana, till the time of the death of said Eteenne; the domicile of the said Eteenne then and theretofore being beyond the seas, to wit: in Italy in Europe. Issues were taken on the replications to these pleas, of which one was found for the plaintiff, and the other for the defendant.

The statute of limitations in force at the time this note was made, on which the suit is instituted, provides " that if any defendant to any criminal or civil cause, herein before recited, absconds or conceals himself, or by removal out of the district or territory where he resided, when such cause of action accrued, or by any other indirect means defeats or obstructs the bringing or maintaining all or any of the aforesaid actions within the respective times limited by this act, such defendant shall not be allowed to plead this act in bar to any suit," &c.

The law seems to have been framed with a view to bar those who, by removal from their usual place of residence where the cause of action accrued, prevented creditors from collecting their dues. The creditor, when he suffers a man to become his debtor, must take notice of his place of abode, and calculate on finding him there when the debt becomes due. Indeed, he must even allow him to change his place of abode before the right of action accrues and be content, if the debtor do not after the cause of action accrues, remove from his place of residence. Here the plaintiff says, that the domicile of

the defendant's intestate was, before and at the time this note was made, in Italy. Then it must be supposed that he calculated when he suffered Eteenne Bogliolo to become his debtor, that he would return home; and the inconvenience of his residence in Italy must be an inconvenience which our statute of limitations does not relieve or remove.

The.issues joined then in these two replications, were both immaterial issues. Such being the case, the cause must, in my opinion, be remanded for a repleader. Such being the opinion of the rest of the judges, the judgment of the circuit court is reversed, and the cause remanded for further proceedings.